## WHITE *v.* KENNON & COMPANY.

An employé cannot recover for an injury caused by the use of defective machinery, appliances or tools, when he has knowledge of such defect, and especially when his knowledge is equal to or better than that of his employer. Where the allegations made by plaintiff show that he either knew or ought to have known the danger of riding on track on a load of cross-ties, he is not entitled to recover. Nor was he entitled to recover on account of alleged negligence of the engineer, as, according to the facts alleged, the engineer was his fellow-servant.

July 8, 1889.

Master and servant. Negligence. Fellow-servants. Before Judge ATKINSON. Pierce superior court. October term, 1888.

Reported in the decision.

J. C. NICHOLLS and J. L. SWEAT, by brief, for plaintiff.

F. H. HARRIS, for defendant.

SIMMONS, Justice.

White sued Kennon & Co. for damages. In his declaration he alleged, in substance, that said firm had a steam saw-mill at Hoboken, and a tram-road running a distance of twelve miles into the country, on which engines and truck cars were run to haul logs to the mill; that Walter Kennon was employed by said company as engineer in charge of the train; and by the failure and neglect of said firm to keep their said tram-road in good and safe condition, and by the wanton, reckless and careless running of said train by said engineer, the petitioner was damaged $5,000, said petitioner being free from fault. He alleges that he was employed to take charge of a gang of hands and keep up the track of said tram-road; that said road was in a "fearfully bad condition," and that he could not, within the time he worked, put the road in good condition, but had so improved it that it was considered safe; that he was taken sick in June, and was kept at home a week, but the gang continued at work during his absence, under a foreman; that after he returned to the mill and resumed his work, he was kept employed on the track nearest the mill, and had not been over all the road for two weeks or more, and was not informed by the engineer of the bad place in the track where the accident occurred; that it was the duty and the habit of said engineer to keep him informed about the bad places in the road, in order that he might have them repaired; that he was required to go out on a train with a load of ties, and had to ride on the ties; and while on this journey,

the train ran into a bad place in the track, mashed down the track, jolted the ties and caused them to fall off, thus throwing him from the car and' injuring him severely; that the engineer knew of this bad place in the road, and knew that the petitioner was ignorant of it, and gave him no notice of it until just as the accident was about to occur, when he called to him to look out for a bad place, but that it was impossible for him, on account of the noise of the train, to understand what the engineer said, so as to avoid being injured. This declaration was demurred to, on the grounds (1) that no cause of action was set forth therein, and (2) that there was nothing in the declaration which clearly and distinctly set forth the plaintiff's demand against the defendants or put the defendants on notice wherein they were to defend, or that they were in any way liable to the plaintiff. The demurrer was sustained and the plaintiff excepted.

There was no error in sustaining this demurrer to the declaration. The plaintiff shows by the declaration that he had charge of the track, and that it was his duty to keep it in repair. He further shows that it was in a "fearfully bad condition," all of which was as well-known to him as it was to the engineer or the defendants. The law of this State concerning actions of this sort against railroad companies is not applicable to the present case, but it is controlled by the principles of the general law between master and servant. The allegations made by the plaintiff in this declaration, show that he either knew or ought to have known the danger of riding on this track on top of a load of cross-ties, it being his duty, according to the allegations in the declaration, to repair the track of said road. This being true, we think, under the law, he is not entitled to recover. The general rule is that an employé cannot recover for an injury caused by the use of defective machinery, defective appliances or tools, when he has

knowledge of such defects, and especially when his knowledge is equal to or better than that of his employer. Nor do we think he was entitled to recover on account of the alleged negligence of the engineer. According to the facts alleged in the petition, the engineer was a co-employé or fellow-servant of the plaintiff. Being a co-employé or fellow-servant, he cannot recover against the defendants for the negligence of his co-employé or fellow-servant.    *Judgment affirmed.*