## RAILEY v. GARBUTT & COMPANY.

1. In a suit by a servant against a master, not a railroad company, for damages alleged to have been sustained on account of the negligence of the master, the burden of proving such negligence rests upon the plaintiff, and there is a presumption that the master has discharged his duty to the servant and is not at fault.

2. Except in cases of railroad companies, the master is not liable to one servant for injuries arising from the negligence of another servant about the same business.

3. A woodcutter and a locomotive engineer in charge of a train used for the purpose of hauling timber to a sawmill and of transporting employees of their common master from the mill to their respective places of work are fellow-servants.

Argued November 9, — Decided November 27, 1900.

Action for damages. Before Judge Hart. Laurens superior court. July term, 1900.

*Sanders & Adams, T. L. Griner,* and *A. H. Davis,* for plaintiff. *A. F. Daley* and *W. R. Daley,* for defendants.

COBB, J. Railey sued Garbutt & Company, a partnership, for damages on account of personal injuries alleged to have been sustained by the negligence of the defendants. Upon the trial the following appeared to be the undisputed facts in the case: The defendants owned a sawmill and in connection with it operated a railroad for the purpose of hauling logs from the woods to their mill

and of transporting their employees from their mill to the woods. Plaintiff was employed by them as a stock cutter and was on a train of defendants consisting of an engine, tender, and flat car, being transported to his place of work. The train was running backwards. At a point on the railroad the defendants had a switch which connected the main line of the railroad with a side-track, and this switch had been left open. On the side-track a number of timber-trucks were standing about ten feet from the main line. The switch was not "locked or otherwise confined," and when the train reached the switch it left the main line, ran into the side-track, and, striking the trucks lying thereon, threw the plaintiff from the flat car into a ditch, from which he sustained serious injuries. The switch was never locked, and was held in position by a weight which, when moved from left to right, changes the position of the switch. It could not be changed by the passing of a train, nor unless some one moved the weight. The plaintiff was injured on Monday; the switch was left in its proper position on the previous Saturday evening, and no train was running on Sunday. The switch was reasonably suited to the purpose intended, and was the one generally used by sawmill men in the operation of similar lines of railroad. The evidence was conflicting as to the rate of speed at which the train was running, some of the witnesses placing the same as low as six miles an hour and others as high as twelve, while others described the rate of speed as being very fast. The court directed a verdict in favor of the defendants, and to this ruling the plaintiff excepted.

This being a suit by a servant against his master for damages on account of injuries alleged to have been sustained as a result of negligence on the part of the master, and the master not being a railroad company within the meaning of section 2321 of the Civil Code, there is no presumption of law that the master was negligent. *White* v. *Kennon*, 83 *Ga.* 343, 345; *Ellington* v. *Lumber Co.*, 93 *Ga.* 53. The liability of the master in such a case is to be determined by the general law relating to master and servant. Under this law it is presumed that the master has discharged his duty to his servant and was not at fault, and it is also presumed that the servant assumed all of the usual and ordinary hazards of the business in which he was engaged. The servant has upon him the burden of proving negligence upon the part of the master, and in order

to render the master liable he is bound to show either that the master has failed to furnish machinery suitable and proper for the business in which the servant was engaged or has failed to observe precautions necessary to the protection of the servant in the use of machinery suited to such business.  See *Georgia Railroad Co.* v. *Nelms*, 83 *Ga.* 70, 75, citing Wood's Law of Master and Servant, §§ 368, 382.  Applying these rules to the facts of the present case, the plaintiff has failed to carry the burden which the law imposed upon him.  He has not proved that the injury resulted from defective machinery.  On the other hand, while the evidence is silent as to the character of the engine and cars, there is undisputed evidence showing that the switch was one reasonably suited to the purpose intended and of that character which was in general use by persons engaged in a business similar to the one in which the defendants were engaged.  There is no proof showing that the defendants were negligent in the way in which this switch was used.  While there is evidence to the effect that the switch was not locked or otherwise confined, there is no evidence whatever showing that in the use of such a switch ordinary prudence would have required that it be kept locked or otherwise confined, or watched in order that it might not be misplaced.  Viewing the evidence as a whole in the most favorable light for the plaintiff, he has failed to overcome the presumption of law, that his master had discharged his duty towards him and was not at fault in regard to the matter under investigation.

The plaintiff can not predicate his right to recover upon the negligence of the engineer, on the theory that it was incumbent upon him to ascertain whether the switch was open or closed, for the reason that he and the engineer were fellow-servants.  See *Brush Electric Co.* v. *Wells*, 110 *Ga.* 192; *McCosker* v. *Lumber Co.*, Id. 328.  The court did not err in directing a verdict in favor of the defendants.

*Judgment affirmed.  All the Justices concurring, except Lewis, J., absent.*