### CORLEY *v.* COLEMAN & ELLISON.

The petition set forth in substance a cause of action, and it was error to dismiss the same on a general demurrer.

Argued June 7, — Decided July 20, 1901.

Action for damages.   Before Judge Evans.   Emanuel superior court.   October term, 1900.

The widow of Corley sued Coleman & Ellison for damages resulting from his homicide; and the action was dismissed on general demurrer.   She alleged that the defendants in their sawmill business operated a railroad, not chartered, for the purpose of transporting logs and lumber to and from the mill, as well as their employees to and from the mill and the woods.   This railroad had been operated about three years, but the way through the dense woods had been cleared but a very few feet more than the space occupied by the road-bed.   The defendants negligently permitted a rotten, boxed, and dangerous pine tree, about two feet in diameter, to stand within twelve feet of the road-bed, and on the night of September 25, 1899, it fell across the railroad-track.   The defendants' rules required their employees to report at four o'clock in the morning, to be conveyed on the railroad-train to the woods; and Corley so reported for duty on the morning of September 26, 1899, and he and other employees went upon the engine and a flat car which was pushed by the engine running backwards.   Corley with other employees was sitting on the car when it was run against the log lying across the track,

whereby a wreck ensued and he was instantly killed. The wreck was not the result of his negligence. He did not know of the pine tree or its condition, nor was it his business to work on the railroad or to investigate its condition. Nor was the wreck the result of the negligence of any of his fellow-servants. But the defendants were guilty of negligence which was the proximate cause of the wreck, in that they knew or should have known that the way was not cleared out sufficiently far away from the road-bed to insure safety in running the train at night; that the pine tree stood as already described, and subject to fall across the track at the slightest gale; that it was impossible to run the engine out forwards on said road; that the engine had no headlight; and that it was dangerous to the lives of their employees, and unreasonable under the foregoing circumstances, to order them out in the night over said road to the woods. At the time of the wreck the train was running at an ordinary and reasonable rate of speed, and the darkness was so dense that it was impossible to discover the obstruction before it was struck.

*George M. Warren*, for plaintiff.
*Williams & Williams*, for defendants.

COBB, J. The plaintiff sued the defendants for damages alleged to have resulted to her from the homicide of her husband. The court dismissed her petition upon a general demurrer, and to this ruling she excepted. The substance of the allegations of the petition is set forth in the official report which precedes this opinion. As against a general demurrer the petition set forth a cause of action. It alleged that there was standing within twelve feet of the track a tree which, on account of its condition, brought about by decay and the fact that it had been boxed for turpentine, was a constant menace to the safety of the employees of the defendants, who in the course of their employment were compelled to ride upon the railroad, and that the plaintiff's husband was riding thereon at the time of his death. The petition distinctly alleges that while the condition of the tree was such as to imperil the lives and safety of the employees upon passing trains, the fact that it was in such a condition was not known to the plaintiff's husband, and could not have been discovered by him by merely passing by the tree. It was further alleged that it was no part of the duty of the plain-

tiff's husband to make any inspection as to the condition of the right of way or the territory adjacent thereto. It was argued that there was no allegation that the tree was upon the right of way of the defendants. It is not material to the case whether the tree was located upon the right of way of the defendants or upon the property of an adjacent owner. If the tree was in the condition alleged in the petition, it was the duty of the defendants to cause it to be removed in some lawful way, even if it was actually located upon the property of another person, or at least to have given warning to their employees of the danger with which they were confronted in riding upon the cars provided for them. When the petition is taken as a whole, it simply presents a case where an employee has sustained injury as a result of a danger which was well known to the employer but was unknown to the employee, and he, under the circumstances alleged, was under no duty to have made the inspection which was necessary to discover the danger; while the employer was under a duty to his employee, not only to have made the inspection which would have resulted in a discovery of the danger, but also to have removed the same. The court erred in dismissing the petition on the demurrer filed thereto.

*Judgment reversed. All the Justices concurring.*