## TURNER *v.* SEVILLE GIN & WAREHOUSE COMPANY.

While a master must furnish his servant a reasonably safe place in which to work, and if there are latent defects in machinery, or dangers incident to the employment, unknown to the servant, of which the master knows, or ought to know, he is bound to give the servant warning in respect thereto, yet where a declaration showed no defect in a machine,

and that the injury sued for did not occur from any such defect, or from a danger incident to the employment, of which it was the master's duty to notify the plaintiff, but solely from the negligence of a fellow-servant, it was demurrable.

Submitted July 18, 1906.—Decided February 14, 1907.

Action for damages. Before Judge Martin. Wilcox superior court. September 25, 1905.

*E. H. Williams,* for plaintiff. *Hal Lawson,* for defendant.

LUMPKIN, J. Turner brought suit against the Seville Gin & Warehouse Company, seeking to recover damages for a personal injury. He alleged, that under the command of the superintendent of the defendant he was throwing on the brushes of one of the gins certain particles of cotton; that the gin was supplied with a sliding or revolving "mote-board," which was on the opposite side of the gin from him, and of which he did not know, and was not warned, and that it was liable to be pushed against his hand by any person passing. As to the manner in which the injury actually occurred, the petition alleged, that "One Cason, a coemployee, and engaged at work in said ginnery, suddenly, and without warning to petitioner, wrongfully and negligently shoved the said mote-board against the hand of petitioner, causing said mote-board to violently strike the hand of petitioner in such a manner as to bring petitioner's said hand in contact with the saws of said gin, which were revolving with great velocity, thereby cutting and lacerating petitioner's right hand and arm," etc. From this statement it will appear that no latent defect in the machinery was alleged; nor did the injury occur by reason of dangers incident to the employment unknown to the servant and of which the master knew or ought to have known; nor was the "mote-board" pushed against the plaintiff's hand by a mere passing person. But the petition showed on its face that the injury to the plaintiff occurred solely from the negligence of a coemployee, who wrongfully and negligently shoved the board against his hand. Under the allegations of this petition, there was no error in sustaining the demurrer and dismissing the case. Civil Code, §§ 2610, 3030; *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*