[No. 7238. Decided September 12, 1908.]

THOMAS M. TAYLOR, *Appellant*, v. WASHINGTON MILL
COMPANY *et al., Respondents.*[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—SAFE PLACE—FALL
OF CHISEL. There is no negligence shown on the part of a master,
and a nonsuit is properly granted, where it appears that a servant,
engaged in washing the floor of a reservoir while carpenters over-
head were shingling the roof, was injured by the fall of a chisel
used by them in their work in the ordinary and usual way, using
ordinary tools, all of which was familiar to the plaintiff, that the
chisel was shaken and dropped down after being stuck in the roof,
and there was no evidence that such was not the usual and a rea-
sonably safe place for it.

SAME—FELLOW SERVANTS—DIFFERENT DEPARTMENTS. A servant
employed in washing the floor of a reservoir, and carpenters engaged
in shingling the roof of the reservoir, then in the course of con-
struction, are fellow servants, and the defendant is not liable for an
injury to the former by reason of the negligence of the latter in
allowing a chisel to fall, where the injured servant knew that the
carpenters were at work overhead using ordinary tools in the usual
and ordinary way, although they were working under the direction
of a different foreman.

Appeal from a judgment of the superior court for Jeffer-
son county, Still, J., entered November 5, 1907, in favor of
the defendant upon granting a nonsuit. Affirmed.

*Blaine, Tucker & Hyland,* for appellant.

*Roberts & Hulbert,* for respondents.

MOUNT, J.—Action for personal injuries. At the trial of
the case below, after the plaintiff had introduced all his evi-
dence, the court granted the defendants motion for a non-
suit, and dismissed the action. The plaintiff appeals.

The facts are that the respondent Washington Mill Com-
pany is a corporation engaged in manufacturing lumber.
Its mill was under control of a general superintendent, named
E. P. Blake, and under him were foremen of gangs or crews

[1]Reported in 97 Pac. 243.

of men. In connection with the mill was a carpenter shop where several men were employed under a foreman. There was also a machine shop where a number of men were employed under another foreman. The plaintiff, on May 7th, 1907, was employed in the machine shop, sweeping, threading nuts, and tapping bolts. On that day the respondent corporation was constructing a reservoir which was about completed. Two carpenters, one of whom was the respondent Nansen, were at work placing shingles on a cone-shaped roof. This roof was about twenty-two feet high above the bottom of the reservoir. It was about three-fourths completed. The shingling was being done in the ordinary way with ordinary tools, one of which was a two-inch chisel, used by Nansen for the purpose of cutting off the edge of shingles.

On the date above stated, the plaintiff was directed by his foreman to wash the floor of the reservoir. He proceeded to do so. But when he got into the reservoir he found that he could not remove a plug from the hole in the center of the floor. He thereupon asked the advice of the carpenters upon the roof as to what he should do. They advised him to get a brace and bit and bore the plug out. He got the brace and bit, and while he was in the act of removing the plug, the chisel used by Nansen fell from the roof and struck the plaintiff on the back and injured him. Mr. Nansen testified that, when he was not using the chisel, he stuck it in the roof "between the sheeting and the rafters;" that while "moving around the roof was shaken and the chisel dropped down." The appellant was well acquainted with the carpenters on the roof, knew how they did their work, and the tools they had, and knew they were above him on the roof. It was shown by the plaintiff himself that the carpenters were doing their work in the usual and ordinary way, using the ordinary tools, and that he was familiar therewith. The negligence alleged was,

"That the said defendant Mill Company, during all the times herein mentioned, failed and neglected to provide for

the plaintiff a suitable, proper or safe place in which to work, for the reason that spaces were left in the roof of said building and Nansen, the defendant hereinbefore mentioned, and other carpenters were working upon said roof and using in their employment the said large chisel above described, and no proper or suitable place was made for the said chisel, so that the same could not be shaken when the carpenters were moving around or hammering."

There was no evidence that the construction of the roof was not the usual ordinary construction of such structures, or that the place in which the chisel was kept was not reasonably safe and not the one usually adopted and used. On the other hand, the plaintiff himself testified that he was familiar with shingling upon roofs, and that the carpenter in this instance used the ordinary tools in the ordinary way. There is, therefore, no proof of any negligence of the respondent company.

Counsel for appellant argue that the carpenters on the roof and the appellant were not fellow servants, by reason of the fact that the carpenters were under the direction of one foreman while the appellant was under the direction of another foreman. They rely wholly upon the case *Hammarberg v. St. Paul, etc. Lumber Co.*, 19 Wash. 537, 53 Pac. 727. But in that case the person who left a chisel on the crossbeam was a millwright whose duty it was to keep the mill in repair, and who was employed to make and keep the mill reasonably safe, and it was for that reason held that the millwright represented the master and was a vice principal. In the case at bar, the carpenters were in no sense vice principals, they were clearly fellow servants with the appellant, all working for the common master in the construction of the reservoir with opportunity to see and know what the other was doing. It is true the appellant was not doing carpenter work but he was none the less a fellow servant with the carpenters the same as a plasterer, a plumber, or a painter would be a fellow servant with carpenters working upon the

same building for a common employer.  There is no conten-
tion that the place where the appellant was sent to work was
not reasonably safe except for the fact that the workmen
above were liable to fall or drop something down upon him.
"As to such danger the law only requires reasonable care to
employ competent men and provide suitable material. . .
The employee is bound to take notice of the ordinary opera-
tion of familiar natural laws, and to govern himself accord-
ingly." *Smith v. Hecla Mining Co.*, 38 Wash. 454, 80 Pac.
779.  It is not the duty of an employer to follow his em-
ployees around in order to protect them from situations made
dangerous by unusual occurrences, unexpected and not to be
anticipated by either the master or the servant, which was
clearly the case here.

We think the lower court properly granted the motion for
nonsuit, and the judgment must therefore be affirmed.

HADLEY, C. J., ROOT, CROW, and FULLERTON, JJ., concur.