### 5551: WINN v. FULTON BAG & COTTON MILLS.

"Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Civil Code, § 3129. Where two employees are in the same service and subject to the general control and direction of a common master, though each receives his orders from a different superior, and the labor of each is exerted for the furtherance of the general purpose of the business in which they are employed, they are fellow servants within the meaning of the rule above stated, notwithstanding "they may be employed in different departments of duty, and so far removed from each other as that one can in no degree control or influence the conduct of the other."

DECIDED AUGUST 22, 1914.

Action for damages; from city court of Atlanta—Judge Reid January 10, 1914.

*C. D. Maddox,* for plaintiff.

*Rosser, Brandon, Slaton & Phillips,* for defendant.

WADE, J. Winn brought suit against the Fulton Bag and Cotton Mills, a corporation, alleging that while in the employ of the defendant, he suffered permanent personal injury through the gross negligence and carelessness of the defendant, its servants, agents, or employees. He alleged, that he was engaged, in the line of his duty, in rolling, moving, or carrying empty "beams," made in the form of spools of iron or some other metal, with a point on each end thereof, from one part of the defendant's factory to another part, and that in so doing it was necessary for him to take the said beams or metal spools through a swinging door, made in two parts and opening from the middle, both parts of which remained closed except when he or others were passing through it; that while he was passing through the said swinging door, and while traveling to the right, another employee of the defendant, coming from the op-

posite direction, approached and undertook to pass through the same door just as the plaintiff reached it, and carelessly struck and pushed it against the large metal spool with sharpened ends, which the plaintiff was moving and carrying, and knocked the said spool or beam against the plaintiff's foot, ankle, and leg, seriously injuring him, as described in his petition; that the employee who thus negligently and carelessly failed and refused to keep to the right, and to push the door on the right, and thereby caused the plaintiff to suffer the injury alleged, knew that the plaintiff was engaged in carrying the said empty spool at the said time and place, and knew that the plaintiff was likely at any moment to pass through or undertake to pass through the said swinging door, but nevertheless failed and refused to exercise proper care in passing through the door to his right and to the left of the plaintiff, and that had he exercised such care, the plaintiff would not and could not have been injured. The following allegations were made by the plaintiff in an effort to escape the operation of the fellow-servant law: "Petitioner further shows that said employee and petitioner were working in separate and distinct departments of defendant's factory, and did not work together in the same line of business; that said other employee was carrying or hauling quills; that he did not get said quills at the same point in said factory where petitioner got the said empty beams; that he did not carry and deposit them where petitioner was carrying and depositing said beams; that they came from opposite parts of said building and deposited them in different parts of said building; that they did not work under the same boss, but under separate and distinct bosses." The defendant demurred, on the grounds that the petition set forth no cause of action, and that it showed that the injury complained of was caused by the negligence of a fellow servant. The demurrer was sustained, and the plaintiff excepted.

The only question for determination in the case is whether or not the plaintiff and the employee through whose carelessness he suffered the injury complained of were fellow-servants, within the meaning of the Civil Code, § 3129. The plaintiff appears to rely on the case of *Cooper* v. *Mullins,* 30 *Ga.* 146, in which the following rule is laid down: "The doctrine that servants of the same master can not have redress against the master, for the consequences of each other's negligence in his service, being founded upon the

policy of making each servant interested in the good conduct of the rest, can not apply to a case where the respective situations of the servants allow no opportunity for the exertion of a mutual influence upon each other's carefulness." However, in *Brush Electric Light Co.* v. *Wells,* 110 *Ga.* 192 (35 S. E. 365), Chief Justice Fish, speaking for the court, says: "It will clearly appear from an examination of that case [*Cooper* v. *Mullins,* supra] that what the learned Judge who delivered the opinion of the court said upon the subject of the foundation of the above-stated rule was merely obiter, as the question of fellow servants was not involved in the case." The case of *Brush Electric Light Co.* v. *Wells,* supra, was an action for the homicide of an experienced lineman, who, while properly engaged in work on the wires of the defendant company, was killed by an electric shock from the wires, on account of a mistake of 'the engineer at the power-house of the defendant, in turning on the electric current without giving the accustomed notice by blowing a whistle. The deceased and the engineer whose alleged negligence brought about his death were held to be fellow servants, notwithstanding they were employed in different departments of duty, and were so far removed from each other that one could in no degree control or influence the conduct of the other. In *Georgia Coal & Iron Co.* v. *Bradford,* 131 *Ga.* 289 (62 S. E. 193), it appeared that the defendant was engaged in operating a furnace plant, and employed the plaintiff at a stated price per day for himself and a team of mules, to assist other teamsters in hauling a boiler from the said plant to a point 10 or 14 miles distant, where it was to be employed in getting out coal for use in the locomotives and furnaces of the defendant. In passing through the yards of the furnace plant, from the point where he had hitched his mules, he crossed a railroad track running through the yards and used by the defendant in connection with the furnace plant, and he was struck and thrown from the track by the rear end of an engine, used in hauling products from the furnace, which was then backing along the track on its way to a water-tank, and he thereby sustained injuries which he alleged were occasioned solely by the negligence of the defendant's servants who were operating the engine which struck him. The court held that "When Bradford became a servant of the defendant, operating a coal and iron business, to engage as a day laborer in removing a boiler from the furnace plant of that company to its coal

mines, for use at the latter in getting out coal to be consumed in the furnace and locomotives of the defendant, in law he became engaged in the same business under a common master with all other servants connected with such coal and iron business, and was, with respect to the crew operating the engine which struck him, a fellow servant to whom the master is not legally liable for any injuries resulting from negligence on their part." In *Railey* v. *Garbutt,* 112 *Ga.* 288 (37 S. E. 360), the defendants owned a sawmill, and operated a railroad in connection with it, to haul logs from the woods to the mill and to transport their employees from the mill to the woods. The plaintiff was employed as a stock cutter, and, while riding on this train, was injured on account of the alleged negligence of the engineer in charge of it. The court held that the plaintiff and the engineer were fellow servants. See also *White* v. *Kennon,* 83 *Ga.* 343 (9 S. E. 1082) ; *Ellington* v. *Beaver Dam Lumber Co.,* 93 *Ga.* 53 (19 S. E. 21). As pointed out in *Georgia Coal & Iron Co.* v. *Bradford,* supra, the "conassociation or departmental rule" does not apply in this case, and, under the doctrine adhered to by our Supreme Court, there is an implied contract on the part of the servant that he assumes the ordinary risks incident to his employment, among which is the danger of injury through the negligence of a fellow servant properly selected by the master to engage in the same common employment. "Such common employment is coextensive with the scope of the business in which such servant contracts to engage."

It is sought to bring this case under a different rule by the allegation in the 8th paragraph of the petition, which appears above, that the plaintiff and the employee through whose negligence he was injured were working in separate and distinct departments of the factory of the defendant, and were not working together in the same line of business, since the other employee was hauling quills which he obtained at a different point in the factory from the point where the plaintiff obtained the empty beams, and was depositing them in a different part of the building from that in which the articles carried by the plaintiff were deposited; and also that they did not work under the same boss, but worked under separate and distinct bosses. Diversity of duties or departments is not sufficient to exclude the defense of common employment, under the doctrine accepted by the large majority of our courts of last resort and ap-

proved by our Supreme Court, as appears from the cases already cited and from many others on the same line. As expressed in 4 Labatt on Master and Servant (2d ed.), § 1421, under this theory or doctrine, "the plaintiff is precluded from recovery wherever the functions which he and the negligent coemployee were discharging, although not identical, or even similar, in character, were yet such that the two servants were 'contributing directly to the common object of their common employer' in that enterprise for which their services were engaged. Or, to employ a terminology which is frequently found in the books, the injured servant's right to recover does not depend upon the fact that he may have been in a different department of the service from the delinquent."

The case of *Bain* v. *Athens Foundry & Machine Works,* 75 *Ga.* 718, relied upon by counsel for plaintiff in error, was discussed and distinguished in *Brush Electric Light Co.* v. *Wells,* supra, by Justice Fish, and the fact that it had been so distinguished is referred to by Justice Cobb in *Colley.* v. *Southern Cotton Oil Co.,* 120 *Ga.* 258, 261 (47 S. E. 932). In the last-named case the court says: "Employees in the service of and subject to the same general control and direction of a common master, and whose labor conduces to the same general purpose, are fellow servants, although they may be employed in different departments of duty, and so far removed from each other as that one can in no degree control or influence the conduct of the other.". The doctrine as therein set forth is now the settled law of this State. See also *Roland* v. *Tift,* 131 *Ga.* 683 (63 S. E. 133, 120 L. R. A. (N. S.) 354).

It is apparent from the petition that both the plaintiff and the negligent employee of the defendant were engaged in the same factory and aiding in the conduct of the same business; and while it is alleged that they were each controlled by a different "boss," it still appears that they were serving the same master, and the fact that each received his orders from a different superior, who was an agent of the master, would not operate to exclude the defense of co-service, where the other elements of that defense are present. Slater v. Jewett, 85 N. Y. 61, 70 (39 Am. R. 627); Adams v. Iron Cliffs Co., 78 Mich. 271 (18 Am. St. R. 441); Chicago & A. R. Co. v. Murphy, 53 Ill. 336 (5 Am. R. 48). See also 4 Labatt's Master & Servant (2d ed.), 471, § 1421. It is not essential, in order to render employees fellow servants, that the same foreman or "boss"

have charge of them both. Trcka *v.* Burlington, C. R. & N. R. Co., 100 Iowa, 205 (69 N. W. 422) ; Jackson *v.* Lincoln Min. Co., 106 Mo. App. 441 (80 S. W. 727) ; Taylor *v.* Washington Mill Co., 50 Wash. 306 (97 Pac. 243). If they are subject to the same general direction and control of a common master, and their labor conduces to the same general purpose, they are fellow servants, notwithstanding they may be employed in different departments of duty and under the immediate direction of different superiors, acting under the same common master. The plaintiff showed that he was injured by the negligence of a fellow servant and without any contributory negligence of the master. It is not contended that the negligent servant who inflicted the injury upon the plaintiff was the master's representative, but clearly the act complained of was done by him in his capacity of a servant and not as a representative of the master. Hence the demurrer was properly sustained.

*Judgment affirmed.   Roan, J., absent.*