9487.   FALLA *v.* PINE MOUNTAIN GRANITE CO.

JENKINS, J.   1. "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."   Civil Code (1910), § 3129.

2. Where two or more employees in the same service are engaged in labor for the furtherance of the general purpose of the business in 'which they contract to serve, and are subject to the general control and direction of a common master, though employed in different departments of duty and so far removed from each other as that one can not in any degree control or influence the conduct of the other, they are nevertheless fellow-servants within the meaning of the rule stated above. *Brush Electric Light Co.* v. *Wells,* 110 *Ga.* 192 (35 S. E. 365); *Georgia Coal & Iron Co.* v. *Bradford,* 131 *Ga.* 289 (62 S. E. 193, 127 Am. St. R. 228); *Byrd* v. *Thompson,* 146 *Ga.* 300 (91 S. E. 100); *Winn* v. *Fulton Bag & Cotton Mills,* 15 *Ga. App.* 33 (82 S. E. 586); *Dawn* v. *Great Eastern Lumber Co.,* 15 *Ga. App.* 108 (82 S. E. 666).   Thus, one employed by a stone company in the cutting or breaking of stone for paving or Belgian blocks is a fellow-servant with the engineer and fireman of a locomotive operated by the same company in connection with such stone industry, and with the employees engaged in making blasts in the quarrying of such stone, and therefore is not entitled to recover damages from the master for injuries attributable to their negligence.

3. A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself.   The general

rule of law requiring the master to furnish a safe place to work is usually applied to a permanent place, or one which is quasi-permanent. The obligation of a master to provide reasonably safe places for his servants to work does not oblige him to keep the places where they are employed in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow-servants. *Byrd* v. *Thompson,* supra; *Terry* v. *Thompson,* 22 *Ga. App.* 406 (95 S. E. 1010).

4. There was no evidence introduced by the plaintiff tending to show that the point to which the defendant had transported him on its cars and at which it caused him to alight could be taken as being in itself a dangerous place; on the contrary, the evidence of the plaintiff discloses that the explosion of the blasting charge carried the piece of stone which caused his injury a most unusual and extraordinary distance. His evidence also shows it was a long-established custom or system in effect at the defendant's quarry that the men who made the blast would give out a warning prior to the time a blast was to be made; and from this evidence it appears that this warning was in point of fact actually given prior to the time the plaintiff was injured. Thus, under the facts as disclosed by the record of this case, there is no reason why there should be a different application of the fellow-servant rule by virtue of the principle of law to the effect that where the work of the master is complex and involves the presence and co-operation of a number of laborers, so situated that independent individual action on their respective parts would render the doing of the work unsafe, the duty devolves upon the master of organizing and maintaining a system by which the work can be done with reasonable safety, and if he chooses to leave to an employee the regulation of matters which he ought to have provided for by specific rules, such employee will be regarded as his representative, and not as a fellow-servant of the laborers who do his work. The plaintiff in this case was a man with thirty-four years' experience in the character of work in which he was engaged at the time of the injury; and if the place where he was injured was unsafe at that particular time, the injury must have been due either to the risk incident to the character of work being done, or if there was negligence at all, it existed on the part of his fellow-servants. In neither of these events can the plaintiff recover, and the trial judge did not err in granting a nonsuit.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED OCTOBER 15, 1918.

Action for damages; from DeKalb superior court—Judge Smith December 5, 1917.

*Alonzo Field,* for plaintiff.

*Bryan, Jordan & Middlebrooks, A. M. Brand,* for defendant.