### 10737. FOUNDATION COMPANY *v.* GOBAY.

SMITH, J. Substantially the allegations of the petition under review show: that on November 4, 1918, the petitioner, who was a steel and iron worker, was in the employ of the defendant company, at its shipyards near the city of Savannah; that he was employed as an erecting foreman, having charge of a gang of men engaged in putting up steel and iron framing for the pilot house of a vessel known as "Hull # 2," which was afloat and in course of construction, that while he was standing on its deck, examining a set of blue prints, the vessel, being afloat, suddenly began to sway and rock violently from side to side, causing a piece of timber, measuring 10 by 12 inches, 14 feet long, which had been negligently left on the deck by the defendant, to roll down the deck to where he was standing and to crush and

bruise his left foot; that the piece of timber was not placed on the deck for the purpose of being used in any work on the vessel, and that the swaying and rocking of Hull # 2 was caused by Hull # 1, which was also in the course of construction by the same defendant, afloat and lying immediately alongside the Hull # 2, the propeller of which was being tested, thus agitating the waters and causing the aforementioned swaying and rocking. It was further alleged that the petitioner did not know of the presence of the timber which rolled upon and injured his foot, and that he did not have equal opportunity with the defendant of knowing thereof, and that he was not at fault in any way and did not cause or contribute to his injury. *Held:*

1. Since the allegations of the petition disclose that the injury received by the plaintiff, who was a foreman in charge of a gang of workmen, in the defendant's service resulted from the operation of a natural law, the effect of which the plaintiff could estimate as well as the master, and that he had equal means with the master of knowing the obvious danger incident to the performance of his duties in the place in which the injury occurred, he assumed the risk, and the trial judge erred overruling the general demurrer interposed by the defendant. See *Williams* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 117 (89 S. E. 158), and cit.

2. "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. The general rule of law requiring the master to furnish a safe place to work is usually applied to a permanent place, or one which is quasi-permanent. The obligation of a master to provide reasonably safe places for his servants to work does not oblige him to keep the place where they are employed in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow-servants." *Falla* v. *Pine Mountain Granite Co.*, 22 *Ga. App.* 651 (3) (97 S. E. 114).

3. Where several employees in the same service are engaged in labor for the furtherance of the general purpose of the business in which they contract to serve, and are subject to the general control and direction of a common master, though employed in different departments of duty and so far removed from each other as that one cannot in any degree control or influence the conduct of the other, they are nevertheless fellow-servants within the meaning of the rule stated in the Civil Code, § 3129. *Brush Electric Light Co.* v. *Wells*, 110 *Ga.* 192 (35 S. E. 365); *Georgia Coal & Iron Co.* v. *Bradford*, 131 *Ga.* 289 (62 S. E. 193, 127 Am. St. R. 228); *Byrd* v. *Thompson*, 146 *Ga.* 300 (91 S. E. 100); *Winn* v. *Fulton Bag & Cotton Mills*, 15 *Ga. App.* 33 (82 S. E. 586); *Dawn* v. *Great Eastern Lumber Co.*, 15 *Ga. App.* 108 (82 S. E. 666); *Falla* v. *Pine Mountain Granite Co.*, supra.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 19, 1919.

Action for damages; from city court of Savannah—Judge Freeman. June 6, 1919.

*O'Byrne, Hartridge & Wright,* for plaintiff in error.

*Seabrook & Kennedy,* contra.