### 11196.  ODUM v. EDGAR BROTHERS COMPANY.

SMITH, J.  1.  " Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."  Civil Code (1910), § 3129.

2.  Although employed in different departments of duty, employees are fellow-servants within the purview of the above code-section when they are subject to the general control and direction of a common master, and are engaged in labor for the furtherance of the general purpose of the business in which they have contracted to serve.  *Falla* v. *Pine Mountain Granite Co.*, 22 *Ga. App.* 651 (97 S. E. 114), and cit.

(*a*)  Thus, one employed to couple and uncouple tram-cars is a fellow-servant of an engineer in charge of the operation of the engine pulling the cars, where both servants are working for the same master and engaged in furtherance of the same business, and therefore is not entitled to recover damages from the master for injuries shown by the undisputed evidence to have been attributable to the engineer's negligence in attempting to make repairs on the engine, caused by defects occurring after the engine had been turned over to him in good condition by the master, and that the master did not know, or have an opportunity to know, of the defects.

(*b*)  The uncontradicted and undisputed evidence further showed that in attempting to make the repairs the engineer was acting without the scope of his duties, and therefore could not have been acting as the alter ego of the master.

3.  Also, " a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself " (Civil Code, § 3131) ; and since the uncontradicted proof shows that the plaintiff was injured while attempting to make a coupling when the train was running at a high and dangerously rapid rate of speed, he assumed the hazards of his undertaking and was not entitled to recover.

4.  Under the rulings made in the preceding notes a verdict for the defendant was demanded, and the court did not err in so directing.

*Judgment affirmed.  Jenkins, P. J., concurs.  Stephens, J., dissents.*

DECIDED APRIL 8, 1920.  REHEARING DENIED MAY 21, 1920.

Action for damages; from Wilkinson superior court — Judge Park.  December 8, 1919.

Application for certiorari was denied by the Supreme Court.

*Allen & Pottle, ·Sibley & Sibley,* for plaintiff.

*George H. Carswell,* for defendant.

STEPHENS, J., dissenting. On motion for rehearing it appears to me that the decision first announced is wrong. The evidence shows that the plaintiff was an employee of the defendant, and, while in the discharge of his duty in attempting to make a coupling, was injured by the backing of the defendant's engine, which failed to stop in time to prevent the injury, on account of the inability of the engineer to shut off the· throttle, which "hung" by reason of the fact that certain bolts had been screwed too tight; that the engineer himself had a short while before the accident caused this condition by tightening the bolts for the purpose of preventing steam from escaping and scalding his arm while operating the throttle.

Where one is employed by a master as an engineer to run and operate an engine, it is reasonably inferable that it is his duty to perform all duties necessary and incident to the running and operating of the engine. The Century Dictionary defines "engineer" as: "An engine-driver; one who manages an engine; a person who has charge of an engine and its connected machinery." If it is necessary to adjust bolts for the purpose of preventing the escape of steam which scalds the engineer's arm while he operates the throttle, and thereby interferes with the running and operating of the engine, the engineer presumably has authority to make such adjustments. The duty to render machinery safe being one of the absolute and nondelegable duties of the master, whoever performs such duty with authority, either express or implied, although in all other respects employed and acting as a fellow-servant, acts in the performance of such nondelegable duty as the alter ego of the master. If the master knew or ought to have known of the unsafe condition of the engine after the bolts had been adjusted, and he failed to exercise due care to render the engine safe, he would be liable to another servant for injuries legally resulting from such unsafe condition of the engine, provided the injured servant did not know and had not equal means with the master of knowing of such defects and could not by the exercise of due care have known thereof. Where the injured servant was not an inspector, and his duty did not require him

to go upon the engine, he cannot be said to have had equal means with the master of knowing of the defective condition of the engine. He presumably did not know of its condition and by the exercise of due care could not have discovered it.

It was for the jury to determine whether the plaintiff was injured by his own or by the defendant's negligence.

It was error to direct a verdict for the defendant.