JOHNSON et al. v. ÆTNA CASUALTY & SURETY CO.

No. 9036.

Circuit Court of Appeals, Fifth Circuit.

May 20, 1939.

Benj. E. Pierce, of Augusta, Ga., Randall Evans, Jr., of Thomson, Ga., and Edgar Brown and J. W. Watts, Jr., both of Barnwell, S. C., for appellants.

E. D. Fulcher and James S. Bussey, both of Augusta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Frank Green carried a policy of liability insurance on a truck used in his sawmill business, Aetna Casualty & Surety Company being the insurer. He lived at Norwood, Georgia, but his sawmill was located about forty miles away in South Carolina. He customarily took with him in the truck each Monday morning the sawmill hands who lived near his home, and brought them back Saturday afternoon. They would be paid off at Green's office in Augusta, Georgia, on the way home. On Saturday afternoon, April 23, 1938, Green was returning homeward in the truck with certain sawmill hands, including Willie Johnson, Willie Radford and Elvin Green, the latter driving the truck. About nine miles from the 'mill and in South Carolina the truck collided with another truck, and Johnson was killed and Radford injured. Suits were threatened against Frank Green and Elvin Green, who called on the Aetna to defend, and the Aetna, contending that its policy did not cover the cases, petitioned in the District Court for a declaratory decree to that effect and for injunction against any assertions of its liability. The judge, a jury being waived, found that Elvin Green, Willie Johnson and Willie Radford were all at the time of the collision employees of Frank Green and in the course of their employment, and that the policy did not cover, and decreed accordingly. Johnson's relatives entitled to sue for his death and Radford appeal.

The evidence is uncontradicted that work at the sawmill ceased on this Saturday as on other Saturdays at noon, that the "time" of each man for the week was ascertained, and their money was to be paid at Augusta on the way home. Johnson, however, was overdrawn and no money was coming to him. The collision occurred before reaching Augusta. The transportation to and from the mill was not expressly a term of the hiring of the hands, but had been afforded for several years, it was understood that they could ride if present when the truck started. We think the judge was warranted in concluding that the transportation was an implied term of the employment. The distance from the homes of the men to their work was so great that transportation must have been considered by both employer and employee. The ride was not for the mere convenience of the employee after his work was done, but was for the forwarding of the employer's work in that it was necessarily provided to get these employees for the very moderate wages paid them. No one would doubt that to carry them forty miles to work on Monday was forwarding the sawmill enterprise, or would think the employer had discharged his obligations if he had left them in the woods forty miles from home on Saturday. It has often been held that employees riding free to and from their work in the employer's vehicle continue to be employees and are not passengers, Ellington v. Beaver Dam Lumber Co., 93 Ga. 53,.19 S.E. 21; Railey v. Garbutt & Co., 112 Ga. 288, 37 S.E. 360; Roland v. Tift, 131 Ga. 683, 63 S.E. 133, 20 L.R.A.,N.S., 354; Dwan v. Great Eastern Lumber Co., 15 Ga.App. 108, 82 S.E. 666; Great Southern Lumber Co. v. Hamilton, 137 Miss. 55, 101 So. 787; and when the question arises under workmen's compensation statutes they are held to be still in the course of their employment. Liberty Mutual Ins. Co. v. Mangham, 56 Ga.App. 498, 193 S.E. 87; Swanson v. Latham, 92 Conn. 87, 101 A. 492. Appellants rely on American Mutual Liability Ins. Co. v. Curry, Ga.Sup., 200 S.E. 150. The opinion fully recognizes the general rule that where transportation to and from work in the vehicle of the employer is furnished the employee as an incident of

the employment expressly or impliedly, the employee when riding is in the course of his employment. The case went off on its peculiar facts. The work was in walking distance from the employee's home, so that there was no clear basis for inferring that the transportation was understood to be a term of the employment.

■ Since Johnson and Radford were when injured by the operation of the truck still employees of Frank Green, the policy clearly does not protect Green, for under Exclusions it provides: "This policy does not apply * * * (e) to bodily injury or to death of any employee of the insured while engaged in the business of the insured * * * or to any obligation for which the insured may be held liable under any workmen's compensation law." Both in Georgia, where the employment contract was made, and South Carolina where the work was to be done and where the injury occurred, there is a workmen's compensation law, and one of them is applicable under our holding that Johnson was killed and Radford injured while yet employees in the course of their employment; but if a common law liability can be elected, the policy still by its terms does not apply.

■ But Elvin Green is also threatened with suits and appellants say the policy covers his liability because he was using the truck "commercially", that is in Frank Green's business, and by the latter's permission. Unquestionably the truck was so used. The policy provision applicable is: "IV. Definition of Insured. The unqualified word 'Insured' wherever used includes not only the named insured but also any person while using the automobile * * * provided that the declared and actual use of the automobile is * * * commercial, as defined herein, and provided further the actual use is with the permission of the named insured. The provisions of this paragraph do not apply * * * (d) to any employee of an insured with respect to any action brought against said employee because of bodily injury or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured." But for Paragraph IV. as quoted Frank Green would have been the only insured. Because of the first sentence, Elvin Green becomes also an insured. But this effect of Par. IV does not obtain if (d) is true, that is, if Elvin

Green is an employee of an insured (Frank Green is an insured) and the action is brought against him for injury or death of another employee of the same insured (Frank Green) occurring in the course of the employment by the use of the insured automobile. We find no uncertainty or ambiguity in the language. It excludes the threatened suits against Elvin Green from the coverage of the policy. Appellants rely on Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, but the policy there did not have clause (d) just above discussed. That decision is further in opposition to such cases as Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Madison v. Steller, 226 Wis. 86, 275 N.W. 703. In these it was thought that where the named insured was not protected against the suit of his employee by the insurance which he had taken out for his own benefit, it would be unreasonable to construe the policy as protecting one using the automobile by permission who had not taken out the insurance. The presence here of clause (d) makes it unnecessary to decide which construction ought in its absence to be followed.

The judgment is affirmed.