**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**Walter HUDSON and Minnie West, Administratrix of the estate of Albert T. West, Defendants.**

**No. 1073.**

United States District Court, E. D. Kentucky.

Oct. 15, 1954.

Bradley & Bradley, Georgetown, Ky., for plaintiff.

Fred Lisanby, Georgetown, Ky., for defendant Walter Hudson.

McKnight & Pryor, Georgetown, Ky., for defendant Minnie West.

FORD, Chief Judge.

This action was tried by the Court without a jury. The only evidence introduced at the trial was the deposition of the defendant, Walter Hudson. Having considered the evidence, oral arguments and briefs filed by the respective parties, in compliance with Rule 52 of the Rules of Civil Procedure for the United States District Courts, 28 U.S. C.A., the Court finds the facts specially and states separately its conclusions of law thereon as follows:

Facts

1. The plaintiff Hartford Accident & Indemnity Company is a corporation organized and existing under the laws of the State of Connecticut.

The defendants Walter Hudson and Minnie West, Administratrix of the estate of Albert T. West, deceased, and each of them, are citizens and residents of the Eastern District of Kentucky.

This is an action of a civil nature wherein the matter in controversy exceeds the sum or value of Three thousand dollars, exclusive of interest and costs, and in which there is an actual controversy in respect to which the parties seek a judicial declaration of their rights and other legal relations.

2. On January 1, 1953, plaintiff executed and delivered to the defendant Walter Hudson a policy of insurance by which, subject to the limits of liability, exclusions, conditions and other terms of the policy, it agreed to pay on behalf of the defendant Walter Hudson, the named insured, all sums which the insured might become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the insured's 1947 Chevrolet 1½ ton truck, motor number MDCA5797715, during the policy period from January 1, 1953, to January 1, 1954, and further agreed to defend any suit against the insured alleging such injury, and seeking damages on account thereof.

The provision of the policy entitled "Exclusions" provides that the policy does not apply "to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the Insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; * * *."

3. During the year 1953 the defendant Walter Hudson, while living on a farm in the vicinity of Stamping Ground, Kentucky, raised a crop of tobacco on another farm, hereinafter referred to as the Payne's Depot farm, which is located at a distance of about eleven miles from his home. When the time came for the harvesting of the tobacco, the defendant employed several workmen, including Albert T. West, who also lived in the vincinity of Stamping Ground, to assist him in cutting the tobacco growing on the Payne's Depot farm and in transporting it to and housing it in a barn on the Stamping Ground farm. The employment of Mr. West and his other employees was with the understanding that they would ride with him to and from the Payne's Depot farm. On some occasions Mr. West drove his own truck, but when he did not use his own truck, he, like the other workmen, rode with Mr. Hudson to and from the Payne's Depot farm.

4. On the morning of September 4, 1953, the defendant Walter Hudson transported his employees, including Mr. West, from Stamping Ground to the Payne's Depot farm where they engaged in cutting tobacco until, according to the testimony of Mr. Hudson, "it came up a rain and rained us out, and so we loaded on what we had cut, about two-thirds of a load and started for home". It was rather late in the afternoon and it was Mr. Hudson's purpose to transport the tobacco thus loaded on his truck the distance of eleven miles from the Payne's Depot farm to the barn on the Stamping Ground farm, where it would be unloaded and housed the next morning. On this return trip to Stamping Ground, Albert T. West and other workmen rode with Mr. Hudson on his truck. The truck was covered by the insurance policy here in question. Under the circumstances, this transportation of his employees by Mr. Hudson was not a mere gratuitous favor or accommodation to them but was as much a part of the job as the cutting, transportation and housing of the tobacco. During the journey the truck was involved in an accident which resulted in Mr. West's death.

The defendant, Minnie West, administratrix of Albert T. West, has instituted a suit against the defendant Walter Hudson in the Circuit Court of Scott County, Kentucky, claiming damages on account of the death of Mr. West. The insured Walter Hudson is insisting that plaintiff should defend the suit and assume responsibility for any liability which may be adjudged against him. The plaintiff is contending that at the time and place of the accident, the deceased Albert T. West was not within the coverage of the policy and that it is under no liability either to defend the suit or to pay any damages that may be adjudged against Mr. Hudson on account thereof.

Law

1. The Court has jurisdiction of the parties to this action and the subject matter thereof. 28 U.S.C.A. § 1332, § 2201.

2. If an employer is under an obligation, express or implied, to transport an employee to and from his place of work, such employee, while being so transported by the employer in the employer's vehicle is an employee of the employer and engaged in his employment. While being so transported, such employee is not within the coverage of his employer's policy of liability insurance which, by its terms, excludes "any employee of the insured while engaged in the employment of the insured". Gray v. W. T. Congleton Co., 263 Ky. 716, 720, 93 S.W.2d 829; Johnson v. Aetna Casualty and Surety Co., 5 Cir., 104 F.2d 22, 23; State Farm Mutual Automobile Ins. Co. v. Brooks, 8 Cir., 136 F.2d 807; Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 4 Cir., 164 F.2d 571, and State Farm Mutual Automobile Ins. Co. v. Braxton, 4 Cir., 167 F.2d 283.

3. A declaratory judgment should be entered accordingly.