**NATIONAL UNION INDEMNITY COMPANY, Appellant,**

v.

**Ernest MINIARD, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1958.

Duff Arnett, Hazard, for appellant.

Elbert Strong, Hazard, for appellee.

CAMMACK, Judge.

This action was instituted by the appellee, Ernest Miniard, against the appellant, National Union Indemnity Company, to recover $1,000 in satisfaction of a judgment. That judgment was entered in favor of Miniard in an action he brought against Lee McCoy, a policy holder of the appellant. Miniard was a truck driver for Mc-Coy. The case of Miniard v. McCoy has

not been before us on appeal, but the facts concerning the accident which gave rise to that action may be found in Campbell v. McCoy, Ky., 306 S.W.2d 843. This is a motion for an appeal from a judgment for Miniard on the pleadings, orders and exhibits.

The appellant contends that the trial court erred in finding for Miniard because its policy with McCoy contained an exclusion clause which, by its terms, excluded any employee of McCoy from recovering for personal injuries sustained while engaged in the employment (other than domestic) of the insured. We believe this contention is well grounded, and are sustaining the motion for an appeal.

The exclusion clause in the policy, which was filed as an exhibit, follows:

"This policy does not apply:

"(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."

We have found no case wherein we have ruled on this exact point. However, there are federal cases in point. See Pennsylvania Casualty Co. v. Elkins, D.C.E.D.Ky., 70 F.Supp. 155, 159, and Hartford Accident & Indemnity Co. v. Hudson, D.C.E.D.Ky., 124 F.Supp. 666. The entire exclusion clause is not quoted in the Elkins case, but the language used in the opinion indicates that the clause was similar to the one now under consideration

In the Elkins case Judge Ford said:

"The exclusion clause in the policy in question is obviously designed to exclude from coverage every type of employer's liability, other than that arising from 'domestic employment,' regardless of whether the employment be regular and continuous or incidental and temporary. The words used make the broad indiscriminate exclusion sufficiently clear. To hold otherwise would be to make a new contract for the parties entirely different from that which they made for themselves."

The appellee points out that the Elkins case was decided before the enactment of our Financial Responsibility Law (1946), KRS 187.290–187.990, and that the law was not an issue in the Hudson case. He argues vigorously that an exclusion clause such as the one under consideration is in conflict with the Financial Responsibility Law, and especially with KRS 187.490(2) (b), KRS 187.490(4) and KRS 187.490(6) (a) and (d). In general, these sections relate to the requirements which must be met before a policy will qualify as a "motor vehicle liability policy" under the Financial Responsibility Law. Some of the requisites concern (1) amount and extent of coverage, (2) statements of the name and address of the insured and the amount of the premiums, and (3) limitations of the manner in which the policy may be annulled or cancelled. We do not interpret the Financial Responsibility Law as prohibiting an employer from excluding from his motor vehicle liability coverage, employees who suffer bodily injury while driving the employer's vehicle within the scope of their employment.

The appellee argues also that the appellant herein defended McCoy in the case of Miniard v. McCoy, and that it thereby became liable to pay the judgment. The appellant executed a non-waiver agreement before assuming the defense for McCoy. The question of liability on the insurance contract was not litigated in that case. Obviously, Miniard was not prejudiced by the actions of the appellant because he obtained a judgment against McCoy. We fail to see why, under any legal principle, the appellant is bound to answer to Miniard for the judgment against McCoy.

The judgment is reversed, with directions that it be set aside and for the entry of a judgment consistent with this opinion.