ANNINA IONNONE *vs.* NEW YORK, NEW HAVEN & HARTFORD R. R. COMPANY.

PROVIDENCE—OCTOBER 20, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Carrier and Passenger.   Gratuitous Carriage.   Fellow-Servant.*

Where a servant of the defendant railroad corporation, upon the completion of his work, is invited to ride in the defendant's car to a point adjacent to his home, the carriage being gratuitous, the relation of passenger and carrier is not thereby created between them, but it is to be regarded as a privilege incident to the contract of service, accorded by the corporation merely by reason of said contract, and an injury resulting to the servant through the careless management of the train must be regarded as received through the negligence of a fellow-servant.

TRESPASS ON THE CASE for negligence.   The facts are stated fully in the opinion.   Heard on demurrer to the declaration. Demurrer sustained.

MATTESON, C. J.   The plaintiff sues to recover damages for the loss of life of her husband, who was killed on the defendant's road, in Providence, November 28, 1898.   The declaration alleges that the deceased, on the date named, had been in the employ of defendant, his work being the removal of snow from the tracks and road-bed of the company ; that, having completed his work for the day, he was invited, with other shovelers, to ride upon a certain car belonging to the defendant, from the point where they had finished their labor

to another point a mile or two distant and adjacent to the place of abode of the deceased ; that he accepted the invitation and boarded the car to be carried over this distance. The breach of duty alleged is that the train was carelessly managed and controlled, and, while moving forward, was suddenly, without notice or warning, stopped, and started backward with a jolt or jerk, whereby the deceased was thrown under the wheels of the flat-car on which he was riding, and received the injuries resulting in his death.

The defendant has demurred to the declaration and contends, in support of the demurrer, that the case shows that the deceased received his injuries by the negligence of a fellow-servant. The plaintiff, on the other hand, contends that, under the facts set up in the declaration, the deceased was a passenger at the time of the accident, and not an employee, and hence that the fellow-servant doctrine has no application. She argues that the relation of carrier and passenger was established between her intestate and the defendant by the invitation extended to him, when his day's work was done, to ride on the train to a place near his home, and that, the intestate's work being done, he was not to be considered, at the time he received his injuries, as in the service of the defendant.

(1)    The declaration does not aver that the deceased paid anything for his transportation, nor that any deduction was to be made by the defendant from his wages on that account, or that he was paid a less sum by reason of his transportation than he would otherwise have been paid. The plaintiff does not claim that any such fact existed, but argues that it was a case of gratuitous carriage, and insists that the deceased was none the less a passenger because he was carried gratuitously. We do not think, however, that the facts set up in the declaration are sufficient to warrant the inference that the deceased was a passenger. The carrying of the deceased, after his day's work was done, to a point near his home is, we think, to be regarded not as creating the relation of a passenger, but rather as a privilege incidental to his contract of service, granted to him by the defendant, of

which he availed himself to facilitate his return to his home, and that it was a privilege accorded to him merely by reason of his contract of service. *Gillshannon* v. *Stony Brook Railroad Corporation*, 10 Cush. 288; *Seaver* v. *Boston & Maine Railroad*, 14 Gray, 466; *Gilman* v. *Eastern Railroad*, 10 Allen, 233; *O'Brien* v. *Boston & Albany Railroad*, 138 Mass. 387. See also *McGrath* v. *N. Y. & N. E. R. R. Co.*, 15 R. I. 95, 97.

The cases cited by the plaintiff are cases of passengers carried gratuitously, and not cases of employees so carried.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*John W. Hogan*, for plaintiff.

*David S. Baker*, for defendant.