GREAT SOUTHERN LUMBER Co. *et al. v.* HAMILTON.[*]

(Division A. Nov. 10, 1924.)

[101 So. 787. No. 24202.]

1. MASTER AND SERVANT. *Workman held employee, and not passenger, during transportation in employer's truck to work.*

Lumber company employee, whose duties consisted of sawing timber, was an employee, and not a passenger, while being transported in employer's truck to and from camp; the transporting being incidental to, and so closely connected with, employment as to be part of it.

2. APPEAL AND ERROR. *Fellow-servant doctrine held properly raised by request for peremptory instruction.*

In action for injuries, in which employee's pleading and proof established relationship of fellow servants between plaintiff and employee, whose negligence caused injury, fellow-servant doctrine precluding recovery, though not pleaded, was properly raised by defendant's requested peremptory instruction.

3. MASTER AND SERVANT. *Fellow-servant doctrine held to preclude recovery for injuries during transportation to work.*

Employee, whose duties consisted of sawing timber, and who was injured during transportation to camp in motor truck operated by other employee having similar duties, was precluded from recovery by fellow-servant doctrine.

4. APPEAL AND ERROR. *Supreme Court will not render judgment, but will remand case where evidence on issue of fact is conflicting.*

In action for injuries to employee during transportation to lumber camp, in which employer introduced evidence tending to show that plaintiff was invitee and not fellow servant, the supreme court, in reversing judgment for plaintiff, will not render one for employer on fellow-servant theory; but will remand the case for determination by jury.

5. NEGLIGENCE. *Driver required to exercise reasonable care as to invitee.*

Truck driver's duty is to exercise reasonable care to avoid injury to invitee, and not merely to refrain from willfully injuring him.

6. MASTER AND SERVANT. *Statute abolishing fellow-servant rule inapplicable to injuries by motor truck.*

Hemingway's Code, section 6684 (Code 1906, section 4056), abolishing fellow-servant rule, with reference to injuries caused by "cars running on tracks," *held* inapplicable to injury to employee being transported to place of work by motor truck.

*Headnotes 1. Master and Servant, 26 Cyc, p. 1087; 2. Appeal and Error, 3 C. J., section 590; 3. Master and Servant, 26 Cyc, p. 1289; 4. Appeal and Error, 4 C. J., section 3232; 5. Negligence, 29 Cyc, p. 453; 6. Master and Servant, 26 Cyc, p. 1360.

APPEAL from circuit court of Copiah county.

HON. E. J. SIMMONS, Judge.

Action by Ben Hamilton against the Great Southern Lumber Company and others. Judgment for plaintiff against named defendant, and named defendant appeals. Reversed and remanded.

*J. S. Sexton,* for appellant.

I have stated this case perhaps more at length than was necessary, but I was anxious for the court to get a perfectly clear conception of the relations existing between the parties at the time the accident complained of occurred, because that is necessary to a proper understanding of the case. There can be no pretense based upon this record that Hamilton paid anything for the right to ride upon defendant's truck and I insist that he was a mere licensee and as there is nothing in the record to indicate any wilful or wanton injury to him there can be no liability in the case, and the peremptory instruction for the defendant should have been given. I know of no case in our own reports which exactly parallels the instant case. In other words, I know of no case where an inquiry occurred to one who was simply allowed to ride in another's automobile and while so riding was injured without any wilful or wanton negligence on the part of the driver which has been decided by our court. Of course, I know that our court has held time and again that for an injury to a mere licensee without wilful or wanton negligence, there can be no recovery, and it is not difficult to understand what care was due to Hamilton, plaintiff in the court below, when we understand the true relation existing between him and the appellant at the time of the injury complained of.

There have been a number of automobile accident cases decided in other courts and when we remember that there never has been anything in the history of the state or nation to compare with the way in which automobile traffic has increased within the last few years, and when we further remember that we are just now entering upon a State Highway project contemplating a system of nearly five thousand miles of public highways in the state, it will be seen that the questions involved in this case are of very great importance, and the precedent to be estab-

lished by it is likely to be very far reaching in its consequences. *Crider* v. *Yolande Coal & Coke Co.,* 80 So. 285; *West* v. *Poor,* 196 Mass. 183, 124 Am. St. Rep. 541; *Avery* v. *Thompson,* 117 Me. 120; Ann. Cas. 1918E, 1125; *Lutvin* v. *Dopkus* (1920), 24 N. J. L. 64, 108 Atl. 862.

There is a class of cases dealing with the degree of care required of a person who invited another to ride in his automobile. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 118 N. E. 168. The opinion in this case quotes Wharton on Negligence as follows: "A person who undertakes to do service for another is liable to such other for want of due care and attention in the performance of the service even though there is no consideration for such undertaking. The confidence accepted is an adequate consideration to support the duty." *Beard* v. *Klusmeier,* 158 Ken. 153, 164 S. W. 319. While the authorities generally declare that the owner of the vehicle must exercise ordinary care to prevent injury to a guest riding with him, it has been held in a case where a person was riding in another's vehicle on his way to perform a service for the latter, that evidence of gross negligence was necessary in order to render the owner of the vehicle liable for damages for an injury to the person so riding. *Moffatt* v. *Bateman,* L. R. 3 P. C. (Eng.) 115, 22 L. T. N. S. 140, 6 Mo. P. C. C. (N. S.) 369. Compare *Pigeon* v. *Lane,* 80 Conn. 237, 11 Ann. Cas. 317, 67 Atl. 866; *Duhme* v. *Hamburg-American Packet Co.,* 184 N. W. 404, 77 N. E. 386, 112 Am. St. Rep. 615; Huddy on Automobiles, p. 888 note, 890, 891; *Massaletti* v. *Fitzroy, supra; Flynn* v. *Lewis* (Mass.), 121 N. E. 493; Berry on Automobiles (3 Ed.), sec. 551.

After the verdict was rendered in this cause there was a motion for a new trial, which contained among other causes alleged to support it, an allegation that the verdict was influenced largely by one of the jurors, who immediately upon the retirement of the jury proceeded to inform the same that "defendant or its counsel had offered five

thousand dollars in settlement of the injury soon after it occurred.'' Another cause alleged was that "the verdict rendered is quotient or chance verdict arrived at by dividing the sum total of an amount suggested by each juror, by twelve, this method having been agreed before a verdict could be arrived at at all.'' *Parham* v. *Harney*, 6 S. & M. 55.

The juror Deaton was never produced to explain when, where and how he ever learned that the appellant or its counsel had made the five thousand dollar offer, and no other juror was ever produced to deny the statement made by Wade, the Bailiff, and C. M. Grafton, the juror, so that these bald undisputed facts now confront the court. One juror falsely stated to his fellow-jurors a most damaging circumstance, calculated to increase out of all proportion any verdict which could justly have been rendered in the case, and certainly calculated to make it certain that a verdict would be rendered for plaintiff in the court below. That the jury instead of deliberating upon the case and returning a verdict which their individual consciences could approve, took a gambler's chance with Deaton and those who were influenced by his false and malicious statements, and in this way only can this verdict be understood. That it ought not to be allowed to stand in a court of justice seems to be an inevitable conclusion.

*M. S. McNeil*, for appellee.

The record affirmatively shows and it is admitted in counsel's brief: First: That Hamilton was an employee of the Great Southern Lumber Co., appellant. Second: That the lumber camp was some distance from the sawmill; that a truck and driver had been provided for the purpose of transporting the laborers to and from this lumber camp to the sawmill by the appellant, the Great Southern Lumber Co. Third: That while these facts are

true, there was no actual money paid by appellee for his transportation, nor was there any difference in the wages paid the employees who rode on the truck and those who furnished their own means in going to and from the mill. Fourth: That Hamilton was riding to his place of work on the truck so furnished by the appellant at the time he received his injuries. With these admitted facts before us, it occurs to us that there is no room for dispute on the question of the legal *status* of the appellee at the time he received his injuries. The relation of master and servant began when appellee took a seat on the truck to be transported to his work. 26 Cyc. 1087; *Tallahalla Lumber Co.* v. *Holliman,* 125 Miss. 308; *Eliza Magee* v. *Miss. Central R. R. Co.,* 95 Miss. 678; *Wilson* v. *Banner Lumber Co.,* 32 So. 460; *Bowles* v. *Indiana Railway Co.,* 87 Am. St. Rep. 279; *Simpson* v. *Carter Coal Co.,* 91 S. E. 1085; *Whalen* v. *Union Pacific Coal Co.,* 168 Pac. 99; *Salabrin* v. *Ann Arbor R. R. Co.,* 160 N. W. 552; *Mitchell* v. *Southern Ry. Co.,* 97 S. E. 628; *Atlantic Coast Line Ry Co.* v. *Williams,* 284 Fed. 262; *Matthison* v. *Payne,* 118 Atl. 771; *Arkansas Land & Lumber Co.* v. *Cook,* 247 S. W. 1071; *Producers' & Refiners' Corp.* v. *Castile,* 214 Pac. 121; *Stone-Webster Engineering Corp.* v. *Collins,* 199 Fed. 581; *Ala. Great Southern R. R. Co.* v. *Brock,* 49 So. 453; *Self* v. *Adel Lbr. Co.,* 64 S. E. 112, 5 Ga. App. 846.

If it was the purpose of counsel to advance the contention under the second sub-division of his brief "invited Guest" that the appellee was an invited guest on the occasion in question, then we are unable to see how he can escape this conclusion that this case was submitted to the jury upon the proper test of liability. The instructions in this case were drawn upon the idea that the appellant owed the appellee the duty of reasonable or ordinary care. 29 Cyc. 453.

The evidence does not disclose such irregularities in the jury-room as to vitiate the verdict. *Buckeye Cotton Oil Co.* v. *Owen,* 122 Miss. 15, 16.

*J. S. Sexton,* in reply for appellant.

Evans and Hamilton were fellow servants and this re-
minds me of a fact that I had momentarily overlooked
and that is that the legislature in the broad sweep abolish-
ing the fellow-servant rule which is found in section 6684,
Hemingway's Code, limited the operation of the act to
such agencies therein memtioned as those ''running on
tracks.'' It seems to me therefore that the full answer
to the cause of action in this case and the reason why the
peremptory instruction should have been given, was that
the doctrine of fellow servant is not abolished as to the
operation of automobiles along the highway, but only to
the operation of the agencies therein named only when
''running upon tracks.'' This leaves the common-law
rule as to fellow servants still applicable to the case at
bar. The evidence shows that the car was in good con-
dition; that the chauffeur was competent, and was a fellow
servant of Hamilton. It further shows that the injury
occurred upon the highway and by reason of a projecting
log over the edge of the highway over which the road
commissioners have exclusive jurisdiction, and over which
the Great Southern Lumber Company had no jurisdic-
tion, nor was it under any duty to remove. Under the
well-established rule ''where the master furnishes a safe
place for the servant to work, proper appliances with
which he is to work, competent servants with whom he is
to work, and proper regulations for the conduct of his
business to the end of promoting the safety of his ser-
vants, then he is not liable to one servant for injury hap-
pening to him in consequence of the subsequent negli-
gence of his fellow servant.'' 4 Thompson on Negligence,
sec. 4846.

Section 504, Hemingway's Code, abolishes the assump-
tion of risk doctrine embraced in the foregoing quotation
only in cases where the master is negligent, and there is

no proof or pretense of proof in this record that the master was negligent. *Homochitto Lbr. Co.* v. *Albritton,* 96 So. 403; 4 Thompson's Commentaries on Negligence, sec. 4304; *Tatum* v. *Crabtree,* 94 So. 499.

*M. S. McNeil,* in rejoinder for appellee.

One who relies upon the fellow-servant doctrine as a defense must plead it and prove it. It is an affirmative defense on which the defendant carries the burden of proof. *Railroad Co.* v. *Hicks,* 46 So. 360, 91 Miss. 273; *Long* v. *Big Blackfoot Milling Co.,* 38 Mont. 99, 99 Pac. 131; *O'Brien* v. *Corra-Rock Island Min. Co.,* — Mont. 212, 105 Pac. 724; *Duff* v. *Willamette Steel Works,* 45 Ore. 479, 78 Pac. 363, 668; *Millen* v. *Pacific Bridge Co.,* 51 Ore. 538, 95 Pac. 196; *Kerr-Murray Mfg. Co.* v. *Hess,* 98 Fed. 56, 38 C. C. A. 647; *Conlin* v. *Railroad Co.,* 36 Cal. 404; *Layng* v. *Mount Shasta Mineral Spring Co.,* 135 Cal. 141, 67 Pac. 48.

LUTHER EVANS WAS THE APPELLEE'S VICE-PRINCIPAL AND OCCUPIED TO HIM THE ATTITUDE OF MASTER. While the fellow-servant doctrine is recognized under the laws of this state it is also true that when a person is injured as the result of the negligence of a vice-principal, acting for the master, the master is liable. This has long been recognized as the law of this state. *Taylor* v. *Bradford,* 83 Miss. 157; *Bradford* v. *Taylor,* 85 Miss. 409, 18 R. C. L. 750; *O'Bierne* v. *Stafford,* 87 Conn. 354, 46 L. R. A. (N. S.) 1183.

Hamilton was invited to ride to and from his place of work in a vehicle owned and operated by the appellant. It constituted no part of his duty to ride and was no part of his employment. It was entirely in his discretion whether he would ride or walk. His service to the master did not begin until after he reached the mill. It was immaterial to the master how he went to the mill. No one undertook to advise or direct how he should go; whether

he should ride or walk.  According to the admitted facts
of the general manager supervision over him began, not
when he entered the truck, but when he reached the woods
to saw logs and ended at the usual quitting hour.  Be-
tween this time Hamilton was his own man and not sub-
ject to the supervision of anyone connected with the mill.
He accepted the invitation of the appellant, which stood
open to all of the employees at all times to ride on the
particular occasion in question.  He was injured as a
result of the negligence of the driver, for whose negli-
gence the appellant is responsible.  *Harris* v. *John E.
Miles et al.,* in 1922.

*J. S. Sexton,* in reply for appellant to rejoinder.

It is far too late in this state to insist as counsel does
in his rejoinder brief under the first sub-division thereof
that appellant cannot obtain here and now the benefit of
the fellow-servant doctrine, because it was not pleaded
nor the question raised on the motion for a new trial nor
in the assignment of errors assigned in the case.  There
was no occasion whatever for making a motion for a new
trial except for the purpose of presenting the excessive
amount of the verdict and judgment.  There was not the
slightest necessity of specially ·pleading the fellow-ser-
vant doctrine, as this court knows without reference to
the citation of authorities on the subject, when the decla-
ration and plaintiff's proof established the relation and
the only thing omitted from the pleadings is a mere state-
ment of law, and when a peremptory instruction was·
asked for appellant and refused; and certainly the assign-
ment of errors is broad enough to cover the situation here
presented so clearly that I shall not take any time to dis-
cuss that feature of the situation.

Counsel for appellee seeks to escape the fellow-servant
rule by saying that the driver of the truck was acting as
a vice-principal.  I do not dispute the rule of law invoked,

but I submit that the application of the rule to the facts in this case is inconceivable.  Counsel has not cited a single authority which has the slightest analogy to the present case.  *Evans* v. *Louisville N. O. & T. Ry. Co.,* 12 So. 581; *Farquhar* v. *Ala. & V. Ry. Co.,* 28 So. 850; *Petroleum Iron Works* v. *Bailey,* 86 So. 644.

PLAINTIFF WAS NOT A PASSENGER OF DEFENDANT.  No citation of cases is necessary on the fundamental proposition that the relation of carrier-passenger can exist only in respect to public conveyances and common carriers. It is a special relationship arising out of the public nature of the business of common carriers.  The duty of a carrier to a passenger may exist even where the carriage is gratuitous, as it is not an incident of a contract, but a duty imposed by law because of the public nature of the business.  It cannot be contended that the defendant was a common carrier or that the auto truck was a public conveyance.  If plaintiff was not a servant at the time of the injury plaintiff was a licensee and not a passenger. It is immaterial in this case whether plaintiff was a servant or a licensee, for in either case there can be no recovery.  *Dayton Coal & Iron Co.* v. *Dodd,* 188 Fed. 597; *St. Bernard Cypress Co.* v. *Johnson,* 222 Fed. 246, 11 Ann. Cas. 374; Labatt on Master and Servant, sec. 624, p. 1823.

HOLDEN, J., delivered the opinion of the court.

It is suggested that we erred in our opinion reversing this case some weeks ago, and the suggestion of error also points out a minor inaccuracy in the statement of the proceedings in the lower court.

We have considered the suggestion of error, and have decided to overrule it; but in order to correct the inaccuracy complained of, and to modify the former opinion in one respect, we shall withdraw the former opinion and substitute the following as the opinion in this case:

The appellee, Ben Hamilton, recovered a judgment for four thousand dollars against the appellant, the Great Southern Lumber Company, as damages for personal injuries received by him while riding on a motor truck negligently operated by the appellant through its servant, one Luther Evans. The lumber company appeals and urges several grounds for reversal, but we shall notice only those which are pertinent to the decision.

The case in short is this:

Ben Hamilton was employed by the appellant lumber company as a sawyer in the woods, whose duties were to cut and saw logs which would be transported to the mill site. The lumber company operated a large motor truck between the mill site and the camp in the woods where the logs were sawed. The employees were transported to and from their work on this truck. It appears from the appellee's testimony to have been a part of the contract of service between appellant and appellee that the appellant was to furnish conveyance to appellee to and from his daily work.

The truck was operated by one Luther Evans, a servant of appellant, who drove the truck to and from the mill site to the camp for the transportation of the employees, using the public roads between the two points.

On the day that Hamilton was injured he was riding upon the truck, going to his work in the woods. The truck was being driven by the servant Luther Evans on the public road. Hamilton was sitting on the side of the truck, with his legs and feet hanging off, and the driver, Evans, negligently drove the truck out of the road into a ditch, which caused Hamilton's legs to come in contact with a log which protruded from the bank over the ditch into the road, causing serious injury to Hamilton, and for this injury the judgment herein was obtained.

The plaintiff in the lower court proceeded by his pleading, proof, and instructions upon the theory that he was a servant in the employment of the appellant at the time

137 Miss.—5.

he was injured whole riding upon the truck to his place of work in the woods, and that the injury was due to the negligence of Luther Evans, another servant, who was operating the truck for the lumber company. The case was tried upon this theory, and the jury returned a verdict, evidently from the instructions, that Hamilton was a servant and was injured by the negligence of Evans, who was also a servant of the appellant at the time of the injury.

The appellee did not present his case on the theory that he was a passenger or an invitee, nor the Evans was a vice principal of appellant at the time he was injured, but that both Evans and Hamilton were fellow servants in the actual employment of the master at the time of the injury.

It appears from the appellee's testimony that the servant Evans, who operated the truck, ·was a fellow servant with the appellee, Hamilton, at the time of the injury. They were both employed by the master in a common service, viz. the general business of sawing timber to be transported to the mill for manufacturing purposes, and while the appellee, Hamilton, was not actually performing the work of sawing logs at the time he was injured, and the servant Evans was engaged in operating the truck which transported the employees to their place of work, they were servants nevertheless in a common service for the master.

Even if the doctrine of vice principal as to servants, generally speaking, prevailed in our state, still the relation of Evans, the driver of the truck, was not that of vice principal toward the appellee, Hamilton, because the relationship between Evans and the appellee was, under the proof in this record, either that of fellow servants, or the appellee was a mere invitee of the appellant. Both of them were serving the master in a common purpose, or else appellee was merely invited by appellant to ride upon

the truck, and should recover if injured by the negligence of the driver, Evans, who was acting as servant and agent of the appellant lumber company.

The appellee, Hamilton, was not a passenger, for the obvious reason that his testimony shows he was an employee at the time he was injured, and, besides, the rule is well established that an employee who is being transported to and from his work, as in this case, is a servant while thus being transported, because the transportation is incidental to, and is so closely connected with, the main employment as to be a part of it. *Tallahala Lumber Co. v. Holliman,* 125 Miss. 308, 87 So. 661; *Ionnone v. N. Y., etc., R. Co.,* 21 R. I. 452, 44 A. 592, 46 L. R. A. 730, 79 Am. St. Rep. 812; note to 61 Am. St. Rep. 98; *Dayton Coal & Iron Co. v. Dodd,* 188 F. 597, 110 C. C. A. 395, 37 L. R. A. (N. S.) 456; 4 Labatt, section 1555; 16 R. C. L. 584; *Kilduff v. Ry. Co.,* 195 Mass. 307, 81 N. E. 191, 9 L. R. A. (N. S.) 873; *Roland v. Tift,* 131 Ga. 683, 63 S. E. 133, 20 L. R. A. (N. S.) 354; *Magee v. M. C. R. Co.,* 95 Miss. 678, 48 So. 723; *Wilson v. Banner Lbr. Co.,* 108 La. 590, 32 So. 460; *Bowles v. Indiana Ry. Co.,* 27 Ind. App. 672, 62 N. E. 94, 87 Am. St. Rep. 279; *Simpson v. Carter Coal Co.,* 79 W. Va. 365, 91 S. E. 1085; *Whalen v. Union Pac. Coal Co.,* 50 Utah, 455, 168 P. 99; *Salabrin v. Ann Arbor R. Co.,* 194 Mich. 458, 160 N. W. 552; *Mitchell v. So. Ry.,* 176 N. C. 645, 97 S. E. 628; *A. C. L. Ry. Co. v. Williams* (C. C. A.), 284 F. 262; *Matthison v. Payne* (N. J. Sup.), 118 A. 771; *Arkansas Land & Lbr. Co. v. Cook,* 157 Ark. 245, 247 S. W. 1071; *Producers' & Refiners' Corp. v. Castile,* 89 Okl. 261, 214 P. 121; *Stone-Webster Engineering Corp. v. Collins,* 199 F. 581, 118 C. C. A. 55; *A. G. S. R. Co. v. Brook,* 161 Ala. 351, 49 So. 453; *Self v. Adel Lbr. Co.,* 5 Ga. App. 846, 64 S. E. 112.

But it is urged by the appellee that the appellant failed to plead the fellow-servant rule, and did not raise the point below but presented it for the first time in its reply brief on this appeal, and therefore cannot raise it now.

We find no merit in this contention, because we think the point was raised by the defendant below when is requested a peremptory instruction at the conclusion of all the testimony in the case, which was refused by the court. The pleading and proof offered by the plaintiff himself having established the relation of fellow servants between him and Evans, the truck driver of defendant, which would defeat the action, the point was properly raised by the request for the peremptory instruction for the defendant.

The appellant lumber company argues that the judgment should be reversed and one rendered here for appellant, on the ground that the record conclusively shows a case where the injury was caused solely by the negligence of a fellow servant.

We think this view would have been maintainable if the appellant had rested its case without introducing any testimony, but instead of doing so the appellant introduced testimony which it contended, and we will therefore assume, for the purpose of the argument, tends to prove that the appellee was not a servant at the time he was injured, but was a mere invitee, that is, he was riding upon the truck by invitation, and was not a servant in the employment of the appellant at the time he was injured.

The defendant below tried its case upon this latter theory and, there being a conflict thus claimed to be raised in the evidence, on the whole case, as to whether the appellee was an invitee or a servant at the time of his injury, and the jury having found a verdict for the plaintiff, on the ground that the appellee was a servant, the judgment must be reversed, because there could be no recovery if the appellee was a servant and was injured by the negligence of Evans, a fellow servant; but there can be no judgment rendered here for appellant on this ground because the appellant introduced proof which it contends shows that appellee was an invitee, and, of

course, if this be true, then the appellant owed appellee the duty of using reasonable care not to injure him, and if injured by the negligence of the servant of appellant, the appellee should have a recovery in the case. Therefore the judgment of the lower court must be reversed and a new trial granted, so that the case may be properly submitted for determination by a jury.

It is true the appellant attempted to show by its proof that appellee was a mere licensee to whom appellant owed no duty except not to willfully injure him. The proof, however, falls short of this purpose but we assume, for the purpose of argument that it does substantially show appellee was an invitee at the time of his injury, and the law is settled in this state, and elsewhere, that reasonable care is required under such circumstances, and that a failure to use reasonable care which results in injury warrants a recovery in favor of the injured party. *Belzoni Hardwood Lumber Co.* v. *Langford,* 127 Miss. 234, 89 So. 919, 18 A. L. R. 1406.

The unusual situation presented in the case on appeal came about, we apprehend, from an inadvertent misapplication of the fellow-servant rule as modified by statute in this state (section 6684, Hemingway's Code [section 4056, Code of 1906]), which in substance abolished the fellow-servant rule with reference to injuries received on account of the negligence of fellow servants, where such injury was caused by "cars running on tracks." The car in this case which caused the injury was a truck propelled by gas and was running on the public road, and not "running on tracks." And as the fellow-servant rule is not abolished except as to injuries due to cars running on tracks the modification is inapplicable in the case before us.

The judgment of the lower court is reversed, and the case remanded for a new trial.

*Reversed and remanded.*
*Suggestion of error overruled.*