CHARLES WEAVER & CO. *v.* HARDING.

(Division B.   May 2, 1938.   Suggestion of Error Overruled June 13, 1938.)

[180 So. 825.   No. 33188.]

Lotterhos & Travis and Vardaman S. Dunn, all of Jackson, for appellant.

**Engle & Laub,** of Natchez, for appellant.

**Joseph E. Brown** and **Luther A. Whittington,** both of Natchez, for appellee.

Argued orally by **C. F. Engle** and **Cecil Travis** for appellant and by **Joseph E. Brown** and **Luther A. Whittington** for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Dave Harding, plaintiff in the court below, filed a declaration in two counts for a serious personal injury. The court granted a peremptory instruction for the defendant as to the first count; and submitted the cause to the jury on the second count. The jury returned a verdict in favor of the plaintiff for $12,500, upon which judgment was duly entered. From this judgment an appeal was prosecuted to this court.

The two counts of the declaration are very similar; the main distinction between them being that in the first count the negligence of the driver of the truck in which the plaintiff was riding is relied upon; while in the second count the principal ground relied upon is that the truck was not a safe place in which to ride, and that the plaintiff had to stand up while riding, with no means of protecting himself from accidents.

It is alleged in the first count that the truck in which the plaintiff and others were riding, in order to avoid collision with another truck going in an opposite direction, swerved at a point where the road curved sharply, with the result that the truck left the highway, going into a deep ditch on the right-hand side of the road, coming into violent contact with the bank and with a tree,

or the root of a tree, as it did so. The plaintiff was thrown from the truck, breaking his back, and causing him to be paralyzed from that point down, with no control over the lower part of his body, or bodily functions.

The declaration charges that Weaver & Co. was a corporation engaged in constructing a highway in Adams county, Miss., with an office and warerooms in the city of Natchez, and construction camps along the highway at various points; in connection with which work they maintained a number of motortrucks, together with other equipment and tools, and employed a large number of laborers; that on November 8, 1936, and for some time prior thereto, plaintiff was employed as one of these laborers; that the employees were carried to and from their work in trucks operating daily along the lower Woodville road, between Woodville and Natchez in addition to the transportation of supplies, drinking water, and equipment for use in connection with the work; that on the day mentioned, under his contract of employment whereby he was to be transported to and from his work, the plaintiff was being carried to his home in the truck.

It is charged that the truck in which the plaintiff and other laborers were riding at the time of the accident was equipped with an inclosed cab, separating the driver's compartment from the rest of the truck, with an open dump body behind it, in which the laborers were required to stand, the sides of which were only about twelve inches high, and which was not equipped with stakes, guard rails or handholds, by means of which the plaintiff and his companions could steady themselves; that on the bottom of the dump body were a number of axes, pickaxes, blades, and other sharp tools being carried to the city of Natchez; that the truck was being driven along an old narrow gravel road, known as a sunken road, about twenty feet in width, with many sharp curves and steep descents, and with

high banks on either side, out of which, and at the edge of the road, grow large trees.

The plaintiff alleged that the corporation owed him the duty to operate the truck along the road at a reasonable and proper rate of speed, having regard to traffic and use of the highway, as well as the sharp curves; to have the motor vehicle under control, so as to allow free passage of other vehicles being operated along the highway; and to furnish him a reasonably safe place in which to ride in said truck. But that notwithstanding this fact, the driver of the truck, a servant of said corporation, negligently and wrongfully operated the truck in which the plaintiff and his companions were riding at a dangerous and unlawful rate of speed, about thirty-five or more miles an hour, at a point in the road where there was a sharp curve, failed to have the motor vehicle under control, and to remain to the right of the center of the road, or to keep a proper lookout for other cars using the highway; and while in the act of passing the sharp curve suddenly swerved violently in order to avoid collision with another automobile going in the opposite direction, left the road, and went into a deep ditch along the right-hand side thereof, striking the embankment and a tree with great force, which caused the plaintiff to be thrown out of the truck and against the tree or root, breaking his back and horribly mangling and crippling him; and from the injuries thereby inflicted he suffered great pain and was rendered helpless. He was taken to a hospital, where he lay a number of months under treatment of physicians and surgeons, suffering agony. About March 10, 1937, he was removed from the hospital to his home, where he has since remained in bed.

It is further charged that before this the plaintiff, twenty-seven years of age, was able-bodied and in good health; that because of lack of education he could earn his living only by manual labor; that as a result of his

injuries he is now a helpless invalid, confined to his bed for the rest of his life, with his ability to earn a living permanently destroyed.

As stated, the second count of the declaration was in great part a repetition of the first, charging that the truck in which the plaintiff was riding was unsafe, that he was required to stand in the dump body thereof without any safeguards, repeating the allegations as to the height of the sides of the truck; and that the defendant failed to provide a reasonably safe place in which to ride; that the defendant required him to stand in the open dump body, loaded with tools; with a repetition of the statements in regard to the character of the road over which the truck was driven, and that the cab obstructed the view of the laborers; that on account of the sudden swerving of the truck at the curve the men were thrown about in the dump body of the truck, tripping over the load of tools in the bottom thereof, so that the plaintiff was violently hurled from the truck, breaking his back and otherwise injuring him, as has already been stated.

The proof showed that the sides of the dump body were twenty-three and a half inches above the floor level, which would come to the top of the shoulders of the men riding therein when sitting; that the men were not standing in the truck, or on the tools; that the truck was in perfect mechanical condition, and after the wreck or collision mentioned, moved on its own power. It was also shown that there was no cab on the truck, as was alleged in the declaration. The proof was conflicting as to whether there was a collision with another truck, going in the opposite direction; the driver of defendant's truck, and some others, testifying that the rear wheel of the truck in which the plaintiff was riding was struck by the trailer of a truck which it was attempting to pass. According to the testimony of others, there was no collision between the two trucks, but the driver of the

truck in which the plaintiff was riding swerved to the right to avoid one, and went into a ditch, striking against the root of a tree growing in the bank of the highway as it did so.

There is also conflict in the evidence as to whether the front wheels were in the ditch with the rear weels on the shoulder of the road, or whether the hind wheels were in the ditch with the front wheels on the shoulder of the road; both positions having been testified to.

The plaintiff's injuries were of the most serious nature, rendering him totally and permanently unable to move the lower part of his body, paralyzed from his back down, without power to control the natural functions of his body, so that it is necessary for him to have constant attention, day and night.

We do not deem it necessary to set out in detail the testimony, for the reason that if the wreck or collision was occasioned by the negligence of the driver of the other truck, and without negligence on the part of appellant's driver, there would be no liability on the appellant. On the other hand, if it was caused by the negligence of the driver of the truck in which plaintiff was riding, the fellow-servant rule applies, and the master is not liable. The testimony shows that it was customary for men working on the highway to be transported as was done in this case, in trucks similar to the one used here, and that from sixteen to eighteen men were carried in these trucks, in the body of the dump. In the case of Great Southern Lumber Co. v. Hamilton, 137 Miss. 55, 101 So. 787, it was held that where the driver of a truck, in the employment of the common master, transported men in the truck to and from their work for the master, as a part of his duties under the contract, he was a fellow-servant of the men riding in the truck, also in the employment of the master; and that there was no liability on the master for the negligence of the driver. In the case of Ozen v. Sperier et al., 150 Miss.

458, 117 So. 117, it was held that an action against an employer and another for injuries resulting to an employee in a collision between his employer's truck in which he was riding, and the codefendant's truck, the evidence as to negligence of the employer in overcrowding his truck and using an unimproved highway was held insufficient for the jury, in view of the plaintiff's proof showing conclusively that neither of such alleged acts of negligence constituted proximate cause of injury, but that the injury was due to negligent loading, or to negligently driving the trucks of the codefendant, which was an independent, intervening cause. It was also held in this case that the master is not liable for injuries to employees resulting from the negligence of the driver, who is a fellow servant.

In Continental Casualty Co. et al. v. Pierce, 170 Miss. 67, 154 So. 279, it was held that an automobile owner was not liable for the injury sustained by employees through the negligence of other employees, driving the automobile, where the injured employee and the driver were both engaged in their employer's business, and were therefore fellow servants. It was also held in this case that the master of an automobile driver was liable to an employee who was a passenger for injuries sustained through the negligence of the driver.

The rule is therefore well established that where laborers are being transported by the master as a part of their employment, the motor vehicle being driven by another employee of the master, such driver is a fellow servant, and the master is not liable for his negligence.

In the case before us it is clear that the injury was not caused by negligence in regard to the truck, which was the kind in general use by people engaged in road construction work in transporting laborers to and from their work. The truck was in good condition, the laborers were being transported in the customary way, and the number in the truck did not exceed that frequently

carried in similar instances. There seems to have been no connection between the height of the sides of the truck dump and the accident, and there was no negligence on account of the safe condition of the truck, from which the injury followed. The injury was caused either by the negligence of the driver of the truck, who was a fellow-servant of plaintiff, or by the trailer of the passing truck striking the truck in which the plaintiff was riding, and knocking it into the ditch, thus injuring the plaintiff and others who were with him. There is no dispute in the evidence as to the safe condition of the defendant's truck.

The injury did not result from any negligence in regard to the condition of the truck, but either from the negligence of the driver, a fellow servant, or from the negligence of the driver of the other truck; and in neither case was the appellant here legally responsible. It is true the appellant has suffered a horrible injury, rendering him unable to work and helpless to use himself for the rest of his life. But we can only deal with rights as we find them in the law; and we do not find here any negligence for which liability exists on the part of the defendant, the appellant here. It follows from what we have said that the peremptory instruction requested should have been granted. It is unnecessary to pass upon the other questions presented in this record.

The judgment of the court below will therefore be reversed, and judgment rendered here for the appellant.

Reversed and rendered.